CLERK'S COPY
FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 1 4 1999

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                          Crim. No. 98-177 BB

MICHAEL WAYNE REED,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Ramon Acosta's Motion to Approve Attorney Fees Exceeding Amount Allotted, filed December 10, 1998. Mr. Acosta is requesting that he be paid attorney's fees in excess of the $3,500 maximum limit for all legal services rendered from the initial case assignment in February 1998 to the sentencing.

The Criminal Justice Act (CJA) requires that each claim for attorney compensation and reimbursement "shall be supported by a sworn written statement specifying the time expended, services rendered, and expenses incurred while the case was pending before the United States magistrate and the court, and the compensation and reimbursement applied for or received in the same case from any other source." 18 U.S.C. §3006A (d)(4). The Revised Criminal Justice Act Plan of the District of New Mexico, filed July 13, 1998, states at page 24, §k (5)(b) that "[i]n any case in which the total compensation claimed is in excess of the statutory case compensation maximum, counsel shall submit with the voucher a detailed memorandum supporting and justifying counsel's claim that the representation given was in an extended or complex case and that the excess payment is necessary to provide fair compensation." *See also* Guide to Judiciary

1

Policies and Proceedings, Vol. VII, Chapt. II, Part C, §2.22 (C)(2) (Feb. 28, 1997). In this case, Mr. Acosta failed to file a memorandum supporting his motion for fees exceeding $3,500.00. His motion did not provide any information let alone specific information regarding the time spent on the case, services rendered, and expenses incurred, or whether he had other sources of compensation or reimbursement. Moreover, Mr. Acosta failed to argue in any convincing manner that this case was extensive or complicated when compared to an average criminal matter.

As an additional matter, the District of New Mexico's CJA Information Manual (Nov. 12, 1997) at page 5 requires that "[w]hen it is anticipated [that] CJA 20 counsel fees will surpass $3,500 ... a letter must be sent to the presiding judicial officer through the CJA Coordinator requesting prior approval to exceed the maximum allowable." The record indicates that Mr. Acosta did not comply with this provision of the CJA Information Manual. For all of the above reasons, I find that Mr. Acosta's Motion to Approve Attorney Fees Exceeding Amount Allotted should be denied.

WHEREFORE,

IT IS ORDERED that Mr. Acosta's Motion to Approve Attorney Fees Exceeding Amount Allotted is denied.

UNITED STATES DISTRICT JUDGE