FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 2 3 2002

Robert M. March
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL WAYNE REED,

    Defendant.

No. CIV-02-0628 BB/LCS
    CR-98-177 BB

## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

This matter is before the Court on Plaintiff's motion to reconsider (CIV Doc. #5; CR Doc. #189) (the "motion"). Plaintiff asks that the Court's order filed July 23, 2002, be set aside and Defendant's § 2255 motion be dismissed as untimely filed. Defendant contends that his § 2255 motion was timely filed and, alternatively, should be considered timely under principles of equitable tolling.

The parties do not dispute the material facts. Defendant timely appealed his conviction and sentence, and on February 2, 2001, the United States Court of Appeals for the Tenth Circuit filed its judgment affirming his conviction and sentence. On February 28, 2001, the Tenth Circuit's mandate was filed in this Court (CR Doc. #173). Defendant did not file a petition for writ of certiorari. The parties also agree that Defendant's § 2255 motion is subject to the one-year period of limitations that began when his conviction became final. The parties disagree, however, as to the date on which the conviction became final and, therefore, the limitation period began. Plaintiff argues that Defendant's conviction became final on May 2, 2001, ninety days after the Tenth Circuit filed its judgment. Defendant asserts his conviction did not become final until May 28, 2001, ninety days after the Tenth

Circuit's mandate was filed in this Court.

Defendant did not file a petition for writ of certiorari, and thus his conviction became final on May 2, 2001. The applicable rule is that "the . . . conviction is final when the time for filing a certiorari petition expires." *United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000). A petition for certiorari must be filed within ninety days from entry of the appellate judgment, Sup. Ct. R. 13.1; *United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir. 2000); *United States v. Gibson*, No. 01-3104, 2001 WL 1301714, at *1 (10th Cir. Oct 26, 2001), and, " '. . . [t]he time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance of the mandate.' " *United States v. Richardson*, No. 99-7152, 2000 WL 676009, at *1 n.3 (10th Cir. May 24, 2000) (citing Sup. Ct. R. 13.3). The one-year limitation period began to run on May 2, 2001, and Defendant's § 2255 motion was filed one year and twenty-six days later on May 28, 2002.

Defendant argues that the correct rule should be that the limitation period runs from the date the mandate is issued. He cites to a Seventh Circuit case, *Gendron v. United States*, 154 F.3d 672, 674 (7th Cir. 1998), in support of this argument. The Tenth Circuit has expressly rejected the *Gendron* rule, *Burch*, 202 F.3d at 1279, and this Court is bound to follow Tenth Circuit interpretation. The § 2255 motion was not filed timely.

Defendant makes a second argument, that the running of the limitation period should be equitably tolled because he was unable to obtain certain documents from his former counsel. "Under the doctrine of equitable tolling, we will occasionally toll the time bar facing a habeas petitioner, though 'only in rare and exceptional circumstances.' " *United States v. Alvarado-Carrillo*, No. 02-2015, 2002 WL 1004066, at *1 (10th Cir. May 17, 2002) (internal citations omitted). "However,

2

this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Defendant's argument fails to satisfy either element. Counsel for Defendant entered his appearance on June 3, 1999, and prosecuted the appeal of this criminal proceeding. Even assuming that the documents were necessary for this § 2255 proceeding, Defendant and his attorney had nearly three years to obtain them. The record indicates no efforts to seek an order from this Court directing former counsel to turn over the documents. *Cf. Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (no tolling for lack of access to legal materials); *Washington v. United States*, No. 99-3383, 2000 WL 985885, at **2 (10th Cir. July 18, 2000) (no tolling for inability to obtain transcripts). Defendant makes no showing of diligence or circumstances beyond his control, and the limitation period will not be equitably tolled. The motion for reconsideration will be granted, and, because Defendant is not entitled to relief, Rule 4(b) Governing Section 2255 Proceedings, the § 2255 motion will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion to reconsider (CIV Doc. #5; CR Doc. #189) filed June 26, 2002, is GRANTED; and the order (CIV Doc. #4; CR Doc. #185) filed June 10, 2002, is VACATED and SET ASIDE;

IT IS FURTHER ORDERED that Defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (CIV Doc. #1; CR Doc. #184) filed May 28, 2002, is DISMISSED with prejudice; and this civil proceeding is DISMISSED.

UNITED STATES DISTRICT JUDGE